IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Alice Gail Kneece, | ) | |
| | ) | Civil Action No. 5:12-2637-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    The plaintiff, Alice Gail Kneece ("Kneece"), brought this action pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling.  Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court reverse the Commissioner's decision and remand the case for further administrative proceedings. (ECF No. 29.)  The Commissioner has filed timely objections to the Report (ECF No. 33) and Kneece has responded to those objections (ECF No. 37).  Accordingly, the matter is now ripe for review.

    The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In making that determination, the court is charged with conducting a de novo review

---

[1] Carolyn W. Colvin became the Acting Commissioner or Social Security on February 14, 2013.  Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report, or recommit the matter to the magistrate judge. *See id.*

## I. Background

Kneece filed applications for DIB and SSI in February 2009, alleging disability beginning November 4, 2006, due to an on-the-job injury that resulted in two back fusion surgeries. At the time of the alleged disability onset date, Kneece was 42 years old and had previously worked as a convenience store manager for ten years. Her applications were denied initially and on reconsideration. On July 6, 2011, an Administrate Law Judge ("ALJ") heard testimony from Kneece and a vocational expert. Subsequently, the ALJ issued a decision denying Kneece's claims.

The ALJ found that Kneece suffered from status post multiple lumbar surgeries with residual radiculopathy in the right lower extremity, but that medical evidence did not support the alleged severity. As a result, the ALJ limited Kneece to light work, with certain restrictions, and found that jobs existed that she could still perform. The Appeals Council denied Kneece's request for review, making the ALJ's decision the final decision of the Commissioner. Kneece has now brought this action challenging the Commissioner's decision.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act ("SSA" or the "Act"). Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir.

1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

The Commissioner objects to the Report's conclusion that the magistrate judge could not conclude that the ALJ's RFC determination was supported by substantial evidence. In particular, the Report finds that the ALJ did not adequately articulate his reasons for discounting the medical opinion of Dr. Redmond, one of Kneece's treating physicians, especially his opinion that Kneece could not sit for more than one hour or stand for more than twenty minutes at a time.[2]

A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 416.927(d)(2). Thus, the ALJ retains some discretion to discount a treating physician's opinion. However, if the ALJ's RFC assessment "conflicts with an opinion from a medical source, the [ALJ] must explain why the

---

[2] The ALJ's RFC determination limits Kneece to standing or walking no more than two hours in an eight hour workday, but does not include a finding as to any limitation on sitting.

opinion was not adopted." SSR 96-8p; *see DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1993). And, while that explanation need not discuss every factor the ALJ must consider, it must include "findings and determinations sufficiently articulated to permit meaningful judicial review." *DeLoatche*, 715 F.2d at 150.

In this case, the ALJ found that Dr. Redmond's opinion was not persuasive because it was "not supported by [Dr. Redmond's] own progress notes and [was] inconsistent with other substantial evidence including treating and non-examining physicians." Thus, the ALJ afforded Dr. Redmond's opinion, some, but not full, weight. That is the extent of the ALJ's explanation for discounting Dr. Redmond's opinion. Even read together with the rest of the decision, the court is unable to determine exactly on what progress notes or other physicians' findings the ALJ is basing his opinion,[3] or why the inconsistencies would favor the other physicians' findings over Dr. Redmond's.[4] Without more information, the court cannot conduct a meaningful review.

## IV. Conclusion

Therefore, after a full review of the record in this case, the court adopts the Report and incorporates it herein. Accordingly, the Commissioner's decision is **REVERSED and REMANDED** for further proceedings consistent with the Report. **IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

February 3, 2014
Anderson, South Carolina

---

[3] In addition, the court notes that the ALJ's description of Kneece's medical background in section three appears lacking. For instance, the ALJ states that a 2008 functional capacity evaluation ("FCE") "demonstrated a light duty restriction," when in fact the evaluator found that Kneece should be limited to modified sedentary to modified light work. The court finds this especially relevant because Dr. Redmond based his opinion on that FCE, which also found that Kneece could not tolerate more than one hour of sitting and twenty minutes of standing. Section three, while meant to discuss the severity of Kneece's symptoms, also omits Kneece's treatment by Dr. Storick at Carolina Spine Center. Throughout 2008, Dr. Storick appears to have found Kneece's claims of continued pain credible enough to authorize increases in her pain medication.

[4] The ALJ gave the RFC assessments of two state medical consultants considerable, but not controlling, weight.